IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-CV-4200 |
| | ) | |
| v. | ) | |
| | ) | Judge Rebecca R. Pallmeyer |
| THE UNIVERSITY OF CHICAGO, an | ) | |
| Illinois Corporation, UCHICAGO ARGONNE, | ) | Magistrate Judge Jeffrey T. Gilbert |
| LLC, Fire Chief GEORGE HYLAND, | ) | |
| Individually and in his Official Capacity, and | ) | |
| Fireman RICHARD KARA, individually and | ) | |
| In his Official Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THE UNIVERSITY OF CHICAGO'S
MEMORANDUM IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Plaintiff Jimmy Ross brings a nine-count Complaint alleging discrimination, hostile work environment, retaliation, and tort claims against his current employer, UChicago Argonne, LLC ("Argonne"); the University of Chicago (the "University"); and two individual Argonne employees. However, only two claims (Counts IV and VIII) specify the defendant against which they are brought. The remainder of Plaintiff's claims appear to be brought against all the defendants. However, the University is not a proper defendant to any of Plaintiff's claims. Indeed, the University was neither named in Plaintiff's EEOC Charge nor was alleged to have been his employer. The *only* factual allegation pertaining to the University is that it operates Argonne National Laboratory through its affiliate, UChicago Argonne, LLC. Because it is well

1

established that such a connection is far too attenuated to bring the University into this lawsuit, the Complaint should be dismissed in its entirety and with prejudice as to the University.[1]

## I. FACTUAL BACKGROUND[2]

Plaintiff, who is African American and over age forty, began working for the Argonne Fire Department as a firefighter in 1997. Compl. ¶¶ 17-18, 22. He was promoted to Battalion Chief in 2010. *Id.* ¶ 19.

In 2013, Firefighter Richard Kara made racial comments toward Plaintiff and hung a black-faced puppet in Plaintiff's locker ("2013 Incident"). *Id.* ¶ 25. Plaintiff reported the issue, and Argonne investigated the conduct and disciplined Kara. *Id.* ¶ 26. Kara was also ordered that if he wished to swap shifts with another firefighter on Plaintiff's shift, he needed authorization from the Fire Chief. *Id.* ¶ 28. Then-Fire Chief Patterson of the Argonne Fire Department implemented this in order to prevent Kara from working on Ross' shift and further harassing Ross. *Id.* ¶ 28.

On or about April 1, 2016, George Hyland became Fire Chief of the Argonne Fire Department. *Id.* ¶ 30. Over 10 months later, on or about February 10, 2017 Kara allegedly traded onto Plaintiff's shift and told him, "let the games begin." *Id.* ¶ 33. Since then, Plaintiff claims that Kara has gone out of his way to trade onto Plaintiff's shift so that he may continue to harass Plaintiff. *Id.* ¶ 32. He alleges that Chief Hyland has taken no action to prevent Kara from trading onto Plaintiff's shifts and has encouraged Kara to do so. *Id.* ¶ 35. In or about August 2017,

---

[1] Two of the other defendants in this case, UChicago Argonne, LLC and Chief Hyland, are filing concurrently with the University's Motion their own Motion to Dismiss and Memorandum in Support ("Argonne Motion"). The arguments in the Argonne Motion are equally applicable to the University and are incorporated by reference herein.

[2] The facts set forth in this Memorandum are presumed to be true solely for purposes of the University's Motion to Dismiss.

Hyland informed Plaintiff that he was not authorized to deny Kara's requests to trade onto Plaintiff's shift unless there was a legitimate operational reason to do so. *Id.* ¶ 37.

Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge, which was cross-filed with the Illinois Department of Human Rights ("IDHR"), named "Argonne National Laboratory" as his employer. *Id.* ¶¶ 2-3, Ex. A. The allegations in Ross' Charge refer to Kara and Chief Hyland. *Id.* at Ex. A. Nowhere in the Charge is the University mentioned. *Id.*

Similarly, the only allegation in the Complaint regarding the University is that it operates Argonne National Laboratory through its affiliate UChicago Argonne, LLC, and under contract with the U.S. Department of Energy. *Id.* ¶ 9. UChicago Argonne, LLC, operates the Argonne Fire Department within the Argonne National Laboratory ("Argonne"). *Id.* ¶ 11.

## II. ARGUMENT

### A. Standard of Review

Fed. R. Civ. P. 12(b)(6) mandates dismissal of a complaint that fails to state a claim upon which relief can be granted. In ruling on such a motion, the Court accepts as true all well-pled allegations, but is not constrained by the legal characterizations placed upon those allegations by the plaintiff. *Wroblewski v. City of Washburn*, 965 F.2d 452, 453 (7th Cir. 1992); *Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 182-83 (7th Cir. 1986). To survive a motion to dismiss, a complaint must state sufficient facts or inferential allegations to support every material element necessary for recovery under the relevant legal theory. *Papapetropoulous v. Milwaukee Transp. Servs., Inc..*, 795 F.2d 591, 594 (7th Cir. 1986). A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Thus, a plaintiff must plead factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. *Id.* at 556. Moreover, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion Cty.*, 66 F.3d 151, 153 (7th Cir. 1995).

> **B. The University Cannot Be a Defendant to Plaintiff's Discrimination, Harassment, or Retaliation Claims Because It Was Neither Named in the EEOC Charge Nor Alleged to Have Been Plaintiff's Employer**

"It is a basic principle of employment discrimination law that a plaintiff may not sue a defendant in federal court unless she has first presented her claim to the EEOC." *Johnson v. A & R Sec. Servs., Inc.*, No. 11 C 8844, 2012 WL 3023408, at *2 (N.D. Ill. July 24, 2012) (collecting cases); *McQueen v. City of Chi.*, 803 F. Supp. 2d 892, 902 (N.D. Ill. 2011) (administrative exhaustion requirements are the same under Title VII and the IHRA). The purposes for requiring an EEOC charge as a prerequisite to filing a lawsuit are two-fold: (1) to notify the charged party of the alleged violation; and (2) to facilitate the party's voluntary compliance with the mandates of Title VII. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989). Accordingly, a party not named in an EEOC charge may not ordinarily be sued under Title VII. *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981). The Seventh Circuit has recognized an exception to this rule where the unnamed party has been provided with adequate notice of the charge and the opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Johnson*, 2012 WL 3023408, at *3 (N.D. Ill. July 24, 2012) (citing *Eggleston*, 657 F.2d at 905).

In this case, the University was not named as a respondent in Plaintiff's Charge. Therefore, the University cannot be the subject of his Title VII (42 U.S.C. §§ 2000e-1), ADEA (29 U.S.C. § 621), or IHRA (775 ILCS 5/101) claims. *Eggleston,* 657 F.2d at 905; *Johnson*, 2012 WL 3023408, at *3; *McQueen*, 803 F. Supp. 2d at 902. The exception recognized by the Seventh

Circuit does not apply here since Plaintiff has not alleged that the University had any notice of his Charge or that the University had an opportunity to participate in EEOC conciliation proceedings. Indeed, no conciliation proceedings took place in this case because Plaintiff requested his Notice of Right to Sue before the EEOC had completed its investigation. *See* Compl. Ex. B; 42 U.S.C. § 2000e-5(b) (providing that if the EEOC determines after investigation that there is reasonable cause to believe that the charge is true, it "shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion").

Further, Plaintiff has not alleged sufficient facts to demonstrate that the University employed him. Rather, Plaintiff's Complaint makes clear that at all times he has been an employee exclusively of Argonne and remains an employee of Argonne; that the alleged wrongdoer, Kara, is an Argonne employee; and that Chief Hyland is an Argonne employee. Compl. ¶¶ 12, 13, 15. In fact, *the Complaint does not contain a single allegation that the University took any action whatsoever toward Plaintiff*. Rather, the *only* allegation in the 85-paragraph Complaint pertaining to the University is that it operates Argonne National Laboratory through its affiliate UChicago Argonne, LLC, and under contract with the U.S. Department of Energy. *Id*. ¶ 9. This is far from sufficient to require the University to remain in this case. *See, e.g., Marijan v. Univ. of Chi.*, No. 17-CV-9361, 2018 WL 3463272, at *7 (N.D. Ill. July 18, 2018) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1087-89 (7th Cir. 2008) (dismissing claim against the defendant where the complaint contained no allegations that the defendant had control over any relevant aspects of the plaintiff's employment); *Gunty v. Exelon Corp*., No. 14 CV 4756, 2014 WL 5622987, at *2 (N.D. Ill. Nov. 4, 2014) (finding that "[w]hen a person works for a subsidiary corporation, any affiliates or parent corporations generally cannot be held liable

for employment discrimination" under Title VII, and granting motion to dismiss); *Rittmeyer v. Advance Bancorp, Inc.*, 868 F. Supp. 1017, 1021 (N.D. Ill. 1994) (granting defendant's motion to dismiss and rejecting the application of the single employer doctrine in the context of the ADEA on the grounds that the corporation and its subsidiary banks did not have interrelated operations, common members of boards and management, centralized control of the labor relations, or common ownership and financial control); *see also Papa v. Katy Industries, Inc.*, 166 F.3d 937, 939-42 (7th Cir. 1999) (granting motion to dismiss and declining to consider two subsidiaries jointly responsible for each other's employment decisions simply because they were wholly owned by the same person). For all these reasons, then, Counts I-III and V-VII must be dismissed as to the University.

## C. Plaintiff's Respondeat Superior Claim (Count IX) Fails as a Matter of Law as to the University

Plaintiff does not specify whether he is asserting a respondeat superior claim against the University. If he is, the claim fails for similar reasons as his civil rights claims.[3] It is well-established that a respondeat superior claim can be brought only against a plaintiff's employer, but the University is not alleged to be Ross' employer. *Stokes v. John Deere Seeding Grp.*, No. 4:12-CV-4054-SLD-JAG, 2013 WL 1314049, at *3 (C.D. Ill. Mar. 28, 2013) (citing *Pyne v. Witmer*, 129 Ill.2d 351, 359 (1989)) ("It is well-established in Illinois that *an employer* is generally not vicariously liable for the intentional torts of *its employees* unless the employee committed the tort *while acting within the scope of his employment*.") (emphasis added). The University should therefore be dismissed from Count IX.

---

[3] Plaintiff's other tort claims are brought against other defendants. The intentional infliction of emotional distress claim (Count IV) is brought against Kara, and the negligent retention claim (Count VIII) is brought against Argonne.

6

**III. CONCLUSION**

For the reasons set forth above, the University has no business being in this case. The Complaint fails as a matter of law against the University, and accordingly, should be dismissed in its entirety and with prejudice as to the University.

                                  Respectfully submitted,

                                  THE UNIVERSITY OF CHICAGO

                                  By: /s/Lindsey M. Marcus
                                          One of Its Attorneys

Jeff Nowak
jn@franczek.com
Lindsey M. Marcus
lmm@franczek.com
Erin K. Walsh
ekw@franczek.com
Franczek Radelet, P.C.
300 S. Wacker, Suite 3400
Chicago, IL 60606
Tel: (312) 986-0300
Fax: (312) 986-9192

Dated: August 17, 2018

2557182.1

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **DEFENDANT THE UNIVERSITY OF CHICAGO'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to be filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing electronically to the following counsel of record this 17th day of August, 2018:

>Daniel Q. Herbert
>Kelly A. Krauchun
>The Herbert Law Firm
>206 S. Jefferson, Suite 100
>Chicago, IL  60661

/s/Lindsey M. Marcus